IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BRIAN MEGGINSON | § | |
| v. | § | CIVIL ACTION NO. 6:10cv468 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Brian Megginson, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement and his time credit computations. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

The facts, as recited in the Report of the Magistrate Judge, show as follows: Megginson states that on December 19, 2002, a pre-revocation warrant was issued for his arrest, and he was arrested on January 20, 2009, on charges of possession of a controlled substance. On December 29, 2009, he received a 10-year sentence, which was to run concurrently with a pre-existing 18 year sentence.

When he arrived at the prison, he received a correct time sheet, showing that he had received credit for his jail time on the 18 year sentence. However, his parole on the 18 year sentence was not revoked until February 9, 2010, over a year after his arrest. Megginson says that "Plaintiff believes that because the Defendant did not execute the warrant until after the Plaintiff was already eligible for parole on the charge that violated his parole, that this was an unfair procedure of the execution."

Second, Megginson says that his jail credits from January 20, 2009, until February 9, 2010, were deleted from his time and were considered as "forfeited street time," because the Defendant did not credit him for the time spent in confinement on the violation prior to the improperly executed parole warrant. He says that he received a letter dated July 8, 2010, informing him that he was not receiving time credits on the 18 year sentence but that he was receiving credits on the 10 year sentence; however, Megginson notes that the sentences are concurrent and the 10 year sentence was for the violation of the 18 year sentence. He states that this has caused him to suffer consecutive punishments and that because he is being denied time credits on his 18 year sentence, he is having to go back to February 9, 2010, and do the time over again in order to be eligible for parole.

Megginson argues that the pre-revocation warrant was issued on February 19, 2002, and he was arrested on January 20, 2009, and so he should be entitled to have the time credits to be credited to the parole warrant from the day he was arrested until his revocation of parole. He states that he is entitled to credit for the time period in which he is confined pursuant to a pre-revocation warrant, regardless if his parole is continued or revoked. In denying these credits, he says that he is being incarcerated for a longer period than that for which he was originally sentenced.

Megginson states that he has sought redress in a number of ways, including writing letters, filing a time credit dispute, asking for help from Staff Counsel for Inmates, and having his family call TDCJ officials, but to no avail. He also filed a state habeas petition, which was denied.

The Respondent has been ordered to answer and has done so. In his answer, the Respondent argues that Megginson has not exhausted his state remedies because he did not file a time credit dispute resolution form, that Megginson's claims have no merit, and that Megginson's claims relate to violations of state law and do not implicate federal law. Megginson has filed a response to the answer saying that he did file two time credit dispute resolution forms and has answers from Charley Valdez of the TDCJ time calculation department.

Both Megginson and the Respondent attach letters from Valdez. In the letter which Megginson provides with his response to the answer, Valdez says that Megginson was received into TDCJ on an 18-year sentence in cause no. 20,751-B. The sentence begin date was February 4, 1993. Megginson was released on parole on May 1, 1996.

On July 3, 1998, Megginson returned to TDCJ on violation of parole. He received jail time credit from October 30, 1997. His parole was revoked on May 11, 1998. When he came back into TDCJ, he forfeited one year, five months, and 29 days of street time because of the revocation of parole. On April 6, 1999, Megginson was paroled to state jail custody, to complete a two-year sentence under cause no. 12,026. He was discharged from state jail custody on October 21, 1999, but remained on parole supervision for his earlier offense.

Megginson then returned to TDCJ custody on February 4, 2000, on violation of parole. He was allowed jail credit from November 8, 1999, pursuant to a pre-revocation arrest warrant issued October 22, 1999, with parole being revoked on December 28, 1999. He forfeited seven months and two days of calendar time. Megginson was again released on parole on February 12, 2001.

On February 5, 2010, Megginson against returned to TDCJ, this time with a new ten year sentence, under cause no. 29,772-A. The date of commencement of the sentence was October 27, 2008. At the time that he returned to custody, a parole violation warrant had not yet been executed, and TDCJ was giving him credit from October 27, 2008.

On April 2, 2010, the time calculation office received a copy of the warrant from the Parole Division, showing that a pre-revocation warrant issued on December 19, 2002, but was not executed until February 9, 2010. This warrant had additional jail credits for a previous warrant which had been executed on May 29, 2002, and withdrawn on August 20, 2002. As a result, Valdez says, the additional jail credit was applied for a final jail date of November 18, 2009, and the jail date was changed from October 27, 2008, to November 18, 2009. Because Megginson was in TDCJ custody on February 5, 2010, the jail credit date was taken from that date instead, for a final jail date

3

of November 14, 2009. Megginson's parole was revoked on February 26, 2010, and he forfeited eight years, nine months, and two days of street time.

Valdez says that this jail credit was only changed on the 18 year sentence, and that Megginson is still receiving credit on his new 10-year sentence from October 27, 2008. If Megginson believes that he is entitled to additional jail credits on his parole violation return from February 5, 2010, he will have to write to the Parole Division Warrants section in Austin, or to Staff Counsel for Inmates. The date of this letter is July 8, 2010.

The letter from Valdez which is attached to the Respondent's answer, which letter is dated November 22, 2010, says that a pre-revocation warrant was issued on January 31, 2002, and Megginson was arrested on May 29, 2002. The warrant was withdrawn on August 20, 2002, and Megginson was released from custody. He received jail credit for the period that he spent in custody. Another pre-revocation warrant was issued on December 19, 2002. Valdez says that Megginson was charged with an offense occurring on December 15, 2001, with sentencing on December 29, 2009, and a sentence begin date of October 27, 2008. Megginson was transferred to TDCJ custody on February 5, 2010, and the warrant was executed on February 9, 2010. Megginson forfeited eight years, nine months, and two days of calendar time. His parole was revoked on February 26, 2010, and he is receiving credit from February 5 to February 26, 2010. Valdez also states that Megginson did not file a time credit dispute resolution form, and no such form appears in the state court records.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge first observed that the Respondent argues that Megginson did not file a time credit dispute resolution form and so his claims are unexhausted, but that these claims lack merit in any event. Valdez says that Megginson did not file such a form, but Megginson says that he did, and the state court's findings of fact in his state habeas case say that Megginson exhausted his administrative remedies. Because the issue of exhaustion was unclear, the Magistrate Judge properly addressed the merits of the claims.

Megginson first complains that he did not receive credit for the time period between October 27, 2008, and November 14, 2009, on his 18 year sentence, cause no. 20,751-B. As the state habeas court found, he is not entitled to credit under Texas law for time served prior to the execution of the revocation warrant. Similarly, the federal courts have held that there is no constitutional right to credit for time spent on parole prior to its revocation. Thompson v. Cockrell, 263 F.3d 423, 426 (5th Cir. 2001).

In this case, Megginson was on parole in cause no. 20,751-B until it was revoked, which occurred on February 26, 2010. He had no federal constitutional right to credit for any time which he served on parole prior to that date. The fact that Megginson received time credits on his ten-year sentence which he did not receive on his 18 year sentence also does not violate the federal constitution, because the ten year sentence was a new conviction while the 18 year sentence was the one for which he was on parole, and for which he thus had no right to credits prior to the revocation of this parole.

The Magistrate Judge stated that the federal court has no occasion to consider whether or not Megginson may be entitled to additional time credits under state law. The Fifth Circuit has stated that violations of state law alone do not provide grounds for relief in federal court. The proper inquiry in a federal habeas corpus proceeding is not whether rights under state law have been violated; federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure. Manning v. Warden, Louisiana State Penitentiary, 786 F.2d 710, 711 (5th Cir. 1986); *see also* Bronstein v. Wainwright, 646 F.2d 1048, 1050 (5th Cir. 1981) (a state's interpretation of its own laws or rules is no basis for federal habeas corpus relief since no constitutional question is involved). His claim on this point is without merit.

The Magistrate Judge also determined that Megginson did not show any federal constitutional violation in the fact that the parole violation warrant was not executed until over a year after his arrest, citing Beck v. Wilkes, 589 F.2d 901 (5th Cir. 1979), Cortinas v. U.S. Parole

5

Commission, 938 F.2d 43, 44 (5th Cir. 1991), and Tijerina v. Thornburgh, 884 F.2d 861, 864 (5th Cir. 1989). Finally, the Magistrate Judge recommended that Megginson be denied a certificate of appealability *sua sponte*.

Megginson received a copy of the Magistrate Judge's Report on February 9, 2011, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc)*.

The Court has carefully reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Brian Megginson is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**So ORDERED and SIGNED this 16th day of March, 2011.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**